**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

TURAL BENYAGUYEV,

     Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC,

     Defendant.

CASE NO.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, TURAL BENYAGUYEV (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendant, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.    Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.    When a consumer, like Plaintiff, disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.    The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION, VENUE, AND PARTIES**

6.    The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District, Equifax transacts business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Kings County in the State of New York. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is headquartered at 1550 Peachtree Street, N.W., Atlanta, Georgia, 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## **FACTUAL ALLEGATIONS**

13.     Plaintiff is a natural person who is alleged to owe multiple debts.

14.    Plaintiff has been a victim of a mixed file with his sister for several years and has been actively disputing with Equifax.

15.    Plaintiff has an older sister, Turana I. Benyaguyeva.

16.    Plaintiff's and his sister's Social Security numbers only differ by two digits. Plaintiff's Social Security number ends in 6887 and his sister's Social Security number ends in 6894.

17.    On or about March 18, 2022, Plaintiff reported the inaccurate reporting to the Consumer Financial Protection Bureau ("CFPB"), File ID 220318-8332791.

18.    In the CFPB report, Plaintiff detailed the fact that accounts and information believed to belong to his sister was being reported to his credit file, and he requested an investigation into the inaccurate reporting.

19.    Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Equifax, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

20.    Upon information and belief, Equifax failed to review the CFPB complaint that Plaintiff filed and continued to report the erroneous information and accounts on his credit report.

21.    In or about October 2023, Plaintiff reviewed his Equifax credit report and observed that Equifax was reporting personal identifying information which did

not belong to him. Specifically, the employment information was listed as "social worker". Neither Plaintiff nor his sister are employed as a social worker. Further, Plaintiff observed an address which did not belong to him. Most concerning, Equifax was reporting Plaintiff's sister's name, Social Security number, and date of birth. Additionally, Equifax was reporting several accounts which did not belong to Plaintiff.

22.    Shortly thereafter, Plaintiff submitted a dispute online to have this personal identifying information corrected.

23.    On or about October 27, 2023, Equifax responded to Plaintiff's online dispute stating the employment info of "social worker" and the incorrect address were deleted.

24.    On or about October 28, 2023, Equifax responded to Plaintiff's online dispute stating that the date of birth was corrected to Plaintiff's date of birth of **/**/1993. However, Equifax continued to report Plaintiff's sister's name and Social Security number.

25.    Around this same time, Plaintiff also submitted a dispute online regarding the inaccurate accounts appearing on his credit report which did not belong to him. One of these accounts was Transworld Systems Inc., account number ending

in x7976. Plaintiff also disputed the continued inaccurate reporting of his sister's name and Social Security number in his credit file.

26.    On or about November 16, 2023, Equifax responded to Plaintiff's online dispute by stating the aforementioned Transworld Systems Inc. account was verified as accurate.

27.    Equifax failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff during the alleged investigation.

28.    On or about November 23, 2023, Equifax responded to Plaintiff's online dispute of the inaccurate personal identifying information by stating the name had been updated to correctly reflect Plaintiff's name, Tural Benyaguyev. However, Equifax continued to report Plaintiff's sister's Social Security number ending in 6894, and despite having previously corrected it, Equifax was again reporting his sister's date of birth, */*/1986.  Equifax re-inserted the wrong date of birth.

29.    On or about November 23, 2023, Equifax also provided Plaintiff a copy of his credit report. Upon review, Plaintiff observed that despite previously stating two (2) times that it was deleted, Equifax was again inaccurately reporting his employment as "social worker". Plaintiff also observed Equifax was still reporting several hard inquiries which did not belong to him including one from Comenity Bank/VSMC.

30.     Shortly thereafter, Plaintiff submitted yet another online dispute regarding the inaccurate employment information, erroneous accounts, and hard inquiries.

31.     On or about December 14, 2023, Equifax responded to Plaintiff's online dispute by stating the inaccurate employment information of "social worker" was once again deleted. However, Equifax stated that the inaccurate hard inquiry from Comenity Bank/VSMC would remain.

32.     Equifax failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff during the alleged investigation.

33.     On or about December 19, 2023, Plaintiff again obtained a copy of his Equifax credit report. Upon review, Plaintiff observed that Equifax was still reporting his sister's Social Security number, and still listing his employment as "social worker" even though Equifax had responded at least three (3) times that the inaccurate information was deleted. Further, Plaintiff observed two (2) hard inquiries which he did not authorize. Most concerning was Plaintiff observed thirty-seven (37) active and closed accounts on his credit report which did not belong to him:

| Furnisher | Account # | Status or Balance |
|---|---|---|
| JPMCB – Card Services | x0022 | $1,724 |
| JPMCB – Card Services | x9585 | $14,171 |
| Comenity Bank/Victoria's Secret | x8276 | $0 |

| **Furnisher** | **Account #** | **Status or Balance** |
|---|---|---|
| Macys/Citibank, N.A. | x4441 | $0 |
| JPMCB – Card Services | x1914 | $0 |
| Comenity Bank/Ann Taylor | x2304 | $0 |
| Capital One/Saks Fifth Avenue | x4175 | Closed |
| SYNCB/TJX CO DC | x9303 | Closed |
| Macys/Citibank, N.A. | x0337 | Closed |
| Bloomingdales/Citibank, N.A. | x7571 | Closed |
| SYWMC/CBNA | x3746 | Closed |
| SYNCB/TJX CO DC | x9303 | Closed |
| Comenity Capital/Century 21 | x8278 | Closed |
| Capital One | x9843 | Closed |
| Comenity Bank/Express | x3598 | Closed |
| Macys/Citibank, N.A. | x6021 | Closed |
| Sears/CBNA | x2730 | Closed |
| Comenity Bank/Victoria's Secret | x3539 | Closed |
| Discover Bank | x4447 | Closed |
| Comenity Bank/New York & Co | x3630 | Closed |
| SYNCB/Banana Republic | x2694 | Closed |
| Dept of Ed/Aidvantage | x0160 | $8,138 |
| Dept of Ed/Aidvantage | x0160 | $4,070 |
| Dept of Ed/Aidvantage | x0160 | $4,837 |
| Dept of Ed/Aidvantage | x0150 | $253 |
| Dept of Ed/Aidvantage | x0150 | $11,295 |
| Dept of Ed/Aidvantage | x0141 | $4,890 |
| Dept of Ed/Aidvantage | x0140 | $7,562 |
| Dept of Ed/Aidvantage | x0131 | $6,710 |
| Dept of Ed/Aidvantage | x0130 | $6,795 |

| Furnisher | Account # | Status or Balance |
|-----------|-----------|-------------------|
| Mazda Financial Services | x1571 | $9,915 |
| Nissan-Infiniti LT | x0252 | $1,866 |
| Nissan-Infiniti LT | x7953 | Closed |
| American Honda Finance | x3547 | Closed |
| Mercedes-Benz Financial Svcs | x1001 | Closed |
| Nissan-Infiniti LT | x7780 | Closed |
| Transworld Systems, Inc. | x76 | Collections - $59 |

34.     Due to the continued inaccurate reporting, on or about January 11, 2024, Plaintiff submitted online a detailed dispute letter to Equifax. In the letter, Plaintiff explained that he was a victim of a mixed file with his sister. Plaintiff detailed that Equifax was reporting an occupation which was not his, his sister's Social Security number, and hard inquiries he did not authorized. Further, Plaintiff listed the thirty-seven (37) accounts being reported which did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and Social Security card. In the letter, Plaintiff also included images of the inaccurate reporting, an image of his sister's driver's license as proof that they are two different people, and an image of his filed CFPB Complaint number 220318-8332791.

35.     Inexplicably, on or about January 22, 2024, Equifax responded to Plaintiff's detailed dispute letter by stating the Transworld Systems, Inc. collection account ending in x7976 was verified as accurate.

36.     Despite providing Equifax with all the relevant information needed to prove Equifax was mixing Plaintiff's file with his sister's file, Equifax continued to report the inaccurate account.

37.     Equifax failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff during the alleged investigation.

38.     On or about February 7, 2024, Equifax responded to Plaintiff's detailed dispute letter by stating the two hard inquiries were deleted. However, Equifax continued to report Plaintiff's sister's Social Security number. Further, Equifax responded as follows to the remaining disputed accounts:

| **Furnisher** | **Account #** | **Response** |
| --- | --- | --- |
| JPMCB – Card Services | x0022 | Deleted |
| JPMCB – Card Services | x9585 | Deleted |
| Comenity Bank/Victoria's Secret | x8276 | Deleted |
| Macys/Citibank, N.A. | x4441 | Deleted |
| JPMCB – Card Services | x1914 | Deleted |
| Comenity Bank/Ann Taylor | x2304 | Deleted |
| Capital One/Saks Fifth Avenue | x4175 | Deleted |
| SYNCB/TJX CO DC | x9303 | Deleted |
| Macys/Citibank, N.A. | x0337 | Deleted |
| Bloomingdales/Citibank, N.A. | x7571 | Deleted |
| SYWMC/CBNA | x3746 | Deleted |
| SYNCB/TJX CO DC | x9303 | Deleted |
| Comenity Capital/Century 21 | x8278 | **Verified as Accurate** |
| Capital One | x9843 | Deleted |

10

| Furnisher | Account # | Response |
|---|---|---|
| Comenity Bank/Express | x3598 | Deleted |
| Macys/Citibank, N.A. | x6021 | Deleted |
| Sears/CBNA | x2730 | Deleted |
| Comenity Bank/Victoria's Secret | x3539 | Deleted |
| Discover Bank | x4447 | **Verified as Accurate** |
| Comenity Bank/New York & Co | x3630 | **Verified as Accurate** |
| SYNCB/Banana Republic | x2694 | **Verified as Accurate** |
| Dept of Ed/Aidvantage | x0160 | Deleted |
| Dept of Ed/Aidvantage | x0160 | Deleted |
| Dept of Ed/Aidvantage | x0160 | Deleted |
| Dept of Ed/Aidvantage | x0150 | Deleted |
| Dept of Ed/Aidvantage | x0150 | Deleted |
| Dept of Ed/Aidvantage | x0141 | Deleted |
| Dept of Ed/Aidvantage | x0140 | Deleted |
| Dept of Ed/Aidvantage | x0131 | Deleted |
| Dept of Ed/Aidvantage | x0130 | Deleted |
| Mazda Financial Services | x1571 | **Verified as Accurate** |
| Nissan-Infiniti LT | x0252 | Deleted |
| Nissan-Infiniti LT | x7953 | Deleted |
| American Honda Finance | x3547 | Deleted |
| Mercedes-Benz Financial Svcs | x1001 | Deleted |
| Nissan-Infiniti LT | x7780 | Deleted |

39.     Despite providing Equifax with all the relevant information needed to prove Equifax was mixing Plaintiff's file with his sister's file, Equifax continued to

report inaccurate information and accounts. Equifax verified accounts knowing they belonged to Plaintiff's sister.

40.    Equifax failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff during the alleged investigation.

41.    Due to the continued inaccurate reporting, on or about February 8, 2024, Plaintiff submitted online another detailed dispute letter to Equifax. In the letter, Plaintiff reiterated that he was victim of a mixed file with his sister. Plaintiff detailed that Equifax was still reporting an occupation which was not his and his sister's Social Security number. Further, Plaintiff listed the inaccurate accounts still being reported which did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and Social Security card. In the letter, Plaintiff also included images of the inaccurate reporting, an image of his sister's driver's license as proof that they are two different people, and an image of his filed CFPB Complaint number 220318-8332791.

42.    That same day on February 7, 2024, Equifax responded to Plaintiff's dispute by deleting the inaccurate hard inquiries and responded to the erroneous accounts as follows:

| **Furnisher** | **Account #** | **Response** |
|---|---|---|
| Comenity Capital/Century 21 | x8278 | **Verified as Accurate** |
| Discover Bank | x4447 | **Verified as Accurate** |

| **Furnisher** | **Account #** | **Response** |
|---|---|---|
| Comenity Bank/New York & Co | x3630 | **Verified as Accurate** |
| SYNCB/Banana Republic | x2694 | **Verified as Accurate** |
| Mazda Financial Services | x1571 | **Verified as Accurate** |

43.     Despite Plaintiff's best efforts to have the inaccurate information and accounts removed, Equifax continues to report the inaccuracies to Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

44.     Equifax has not conducted an actual investigation despite Plaintiff's pleas.

45.     Plaintiff continues to suffer as of the filing of this Complaint with Equifax's reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

46.     Plaintiff is preparing to sit for the New York Bar exam in February 2024 and is stressed, worried, and anxious that these errors will negatively affect his character and fitness evaluation.

47.     As a result of the inaccurate credit reporting, Plaintiff could only get approval for a car loan at a high interest rate.

48.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in wasted ink and paper, and wasted time;

ii.   Loss of time attempting to cure the error;

iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Equifax's reluctance to fix the errors;

iv.   Plaintiff is in the process of becoming a New York State Barred Attorney and is concerned that such inaccurate reporting may negatively impact his Character and Fitness Evaluation;

v.   Loss of the ability to benefit from lower interest rates;

vi.   Apprehensiveness to apply for credit due to the fear of rejection; and

vii.   Defamation as Equifax published inaccurate information to third party entities.

## <u>COUNT I</u>
## Violation of 15 U.S.C. § 1681e(b) as to
## Defendant, Equifax Information Services LLC (Negligent)

49.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

14

50.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

51.     Equifax has had a mixed file for Plaintiff while possessing sufficient evidence that two individuals were involved in its file. Equifax is aware that siblings may have extremely similar names. Further, it is not uncommon for their social security numbers to be similar as well. However, despite having this knowledge, Equifax fails to identity the mixed files of siblings and continues to include the other sibling's name and information in its records.

52.     Equifax allowed for Furnisher(s) to report inaccurate information on accounts. Equifax failed to have policies and procedures to avoid misreporting accounts.

53.     Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

54.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

55.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

56.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, TURAL BENYAGUYEV, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## <u>COUNT II</u>
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

57.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

58.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains

concerning Plaintiff.  Equifax allowed for the wrong date of birth to be re-inserted. Equifax became fully aware that Plaintiff was the victim of a mixed file, yet its policies and procedures did not escalate his file to be cleared.

59.     Equifax has had a mixed file for Plaintiff while possessing sufficient evidence that two individuals were involved in its file. Equifax is aware that siblings may have extremely similar names. Further, it is not uncommon for their social security numbers to be similar as well. However, despite having this knowledge, Equifax fails to identity the mixed files of siblings and continues to include the other sibling's name and information in its records.

60.     Equifax allowed for Furnisher(s) to report inaccurate information on accounts. Equifax failed to have policies and procedures to avoid misreporting accounts.

61.     Upon information and belief, Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

62.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

63.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

64.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, TURAL BENYAGUYEV, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

65.     Plaintiff re-alleges and re-incorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

66.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after

receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable. Equifax knew there were two different names associated with Plaintiff's file but failed to take any independent action to resolve the issue. Equifax blatantly ignored some of Plaintiff's disputes.

67.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

68.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

69.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

70.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, TURAL BENYAGUYEV, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

71.     Plaintiff re-alleges and re-incorporates paragraphs one (1) through forty-eight (48) as if fully stated herein.

72.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable. Equifax knew there were two different names associated with Plaintiff's file but failed to take any independent action to resolve the issue. Equifax blatantly ignored some of Plaintiff's disputes.  Equifax knows that

consumers do not have two different social security numbers, yet it continued to verify the wrong accounts as belonging to Plaintiff.

73.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

74.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

75.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

76.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, TURAL BENYAGUYEV, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally;

award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TURAL BENYAGUYEV, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 14th day of February 2024.

Respectfully Submitted,

**_/s/ Octavio "Tav" Gomez, Esq._**
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933

tav@TheConsumerLawyers.com
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*